IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 AUG -9 P 3: 00
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KIMBERLY and LUTHER THURMAN, | * |
| Plaintiffs, | * |
| v. | * CASE NO.:CV 1:06 CV 709 |
| TIMBERLINE HOMES, INC., and FLEETWOOD SPRINGHILL HOMES OF GEORGIA, et al. | * |
| Defendants. | * |

## NOTICE OF REMOVAL

COMES NOW the defendant, Fleetwood Homes of Georgia, Inc. incorrectly identified in the Complaint as Fleetwood Springhill Homes of Georgia, by and through its undersigned counsel, and without waving its right or intent to compel binding arbitration, gives notice of removal of the above-styled action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for its removal, the defendant avers the following:

1.   Upon information and belief, the plaintiffs, Kimberly and Luther Thurman, are citizens of the state of Alabama and reside in Houston county.

2.   Defendant, Fleetwood Homes of Georgia, Inc., is a Georgia corporation with its principal place of business in Georgia.

3.   Defendant, Timberline Homes, Inc., upon information and belief, is an Alabama corporation with its principal place of business in Alabama.

4.   On or about July 5, 2006, the above-styled action was commenced against Defendants in the Circuit Court of Houston County, Alabama.

5. To Fleetwood Homes of Georgia, Inc.'s best knowledge and belief, Defendant Timberline was served with the Summons and Complaint on July 12, 2006.

6. Defendant Fleetwood Homes of Georgia, Inc. was served with the Summons and Complaint on July 10, 2006. A copy of the Complaint and Summons is attached hereto as Exhibit "A".

7. Other than the plaintiffs filing of the Summons and Complaint, no other proceedings have taken place in the state court as to this matter.

8. This action is subject to removal as the complaint specifically invokes and attempts to assert claims under the Federal Magnuson-Moss Warranty-Federal Trade Commission Improvements Act (the "Magnuson-Moss Act"), 15 U.S.C. § 2301 *et seq*. Specifically, Count II of the complaint is one alleging violation of the Magnuson-Moss Warranty Act. The prayer for relief of Count II requests damages which Plaintiff may be entitled to pursuant to 15 U.S.C. § 2310(d)(2). Therefore, the complaint includes claims governed and necessarily arising under the Act of Congress known as the "Magnuson-Moss Warranty-Federal Trade Commission Improvements Act." 15 U.S.C. § 2301 et seq.

9. Further, in Count III of Plaintiffs' complaint, they allege the defendants "were negligent in transporting and/or setting up the mobile home which proximately resulted in damage to the mobile home." (See Complaint ¶ 24). The Carmack Amendment, 49 U.S.C § 14706, to the Interstate Commerce Act, 28 U.S.C. § 1337, creates a uniform rule for liability when goods are shipped in interstate commerce. Smith v. United Parcel Service, 296 F.3d 1244, 1246 (11th Cir. 2002). The Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. Id. The Carmack Amendment authorizes jurisdiction of the United States District Court over this action pursuant to 49 U.S.C. § 14706(d).

Consequently, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. The amount in controversy in this case is not less than $50,000.00 (exclusive of interests and costs) for the Magnuson-Moss claim and not less than $10,000 for the negligent transportation claim. The purchase price of the home at issue, together with the costs of delivery and setup, dealer-installed options and taxes, clearly exceed $50,000.00; therefore, pursuant to 15 U.S.C. § 2310 (d) (3) (B), plaintiff's Magnuson-Moss Act claims undoubtedly total at least $50,000.00 and $10,000.00 pursuant to the Carmack Amendment.

11. In Steele v. Underwriters Adjusting Co., the court was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the Defendants in the [sic] amount to be fairly ascertained by the jury." 649 F.Supp. 1414, 1415 (M.D.Ala. 1986). In the case *sub judice*, a demand is made for "a ... reasonable amount to compensate Plaintiffs for their damages, costs, interest and an attorney's fee in accord with the statute" (Complaint Count II) and "compensatory damages against the Defendant Timberline and Fleetwood Springhill Homes of Georgia for whatever damages a jury might award." (Complaint Count III). Also, the Complaint seeks recovery for mental anguish. (Complaint ¶ 13). The Steele court rejected the plaintiff's belated argument that the amount in controversy was less than $10,000 (now $75,000.00 for diversity actions), recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." Id. at 1416. In so doing, the Steele court held:

> "To allow [a plaintiff claiming unspecified damages to avoid federal jurisdiction] would violate this Court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices. . .The plaintiff should not be allowed to rob [a defendant] of its right to remove by demanding such damages as may be [']fairly ascertained by the jury[']. Permitting such practice allows the

>Plaintiff to [']have his cake and eat it too.['] In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount]. Such an approach is simply unfair and will not be permitted by this court.

Id. at 1416.

12.     Juries in Alabama regularly award damages in excess of $75,000.00 in cases alleging manufactured home defects. For example, in Southern Energy Homes, Inc. v. Washington, 774 So.2d 505 (Ala. 2000), the jury awarded $375,000.00 in compensatory damages and in Horton Homes, Inc. v. Brooks, 832 So.2d 44 (Ala. 2001), the jury awarded $150,000.00 in compensatory damages.

13.     Plaintiffs claim an unspecified amount of damages for Counts II and III. The amount-in-controversy requirement for federal jurisdiction may be satisfied by a demand for damages if it is possible under state law for a jury to award the jurisdictional amount. Ryan v. State Farm Mutual Automobile Insurance Co., 934 F.2d 276, 277 (11th Cir. 1991). Unlike the Complaint filed in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994), the plaintiffs in this case have not imposed a cap on the damages claim on Counts II and III.

14.     Allegations of "mental anguish" as a result of the alleged breach of warranty have also been alleged. (Complaint ¶ 13). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of breach of warranty. Verdicts well in excess of $75,000 have been rendered against corporate defendants, particularly out-of-state corporations, in such breach of warranty actions. See e.g., Horton Homes, Inc. v. Brooks, 832 So.2d 44(Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty

Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000); Southern Energy Homes, Inc. v. Washington, 774 So.2d 505 (Ala. 2000) (On claims of breach of implied and express warranty, damage award of $375,000.00, a substantial portion of which was for mental anguish damages, was affirmed by Supreme Court of Alabama).

15. The Magnuson-Moss Warranty Act authorizes jurisdiction of the United States District Court over this action pursuant to 15 U.S.C. § 2310 (d). Consequently, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

16. The remaining claims asserted in the complaint are within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

17. This action is removable to this court pursuant to 28 U.S.C. § 1441 (b). The state law claims are not separate and independent from the federal claims, and thus the remand of the state law claims is not permissible under 28 U.S.C. § 1441 (c). See, e.g., In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996). Furthermore, the state law claims, if any, do not fall within any of the limited exceptions enumerated in 28 U.S.C. § 1367 (c) as instances in which the district court could exercise its discretion to decline supplemental jurisdiction.

18. This petition is filed with this Honorable Court within 30 days of service on Defendant of Plaintiffs' Complaint.

19. Notice of the defendant's removal of the above-styled action has been given to the

Clerk of the Circuit Court of Houston County, Alabama, and to the plaintiffs as required by 28 U.S.C. § 1446(d). See Exhibit "B" attached hereto.

20. Timberline joins in and consents to the removal of this action to this Honorable Court. See Exhibit "C".

WHEREFORE, Defendant has removed this action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division.

_/s/ Daniel C. Hilyer_
WINSTON W. EDWARDS (157576)
DAVID C. HILYER (293823)
Attorneys for Defendant
Fleetwood Homes of Georgia, Inc.

OF COUNSEL:

CRADDOCK RENEKER & DAVIS, LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064     Telephone
(334) 215-7843     Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid on this the __9__ day of __August__, 2006.

_/s/ Daniel C. Hilyer_
OF COUNSEL

David W. Rousseau, Esq.
211 W. Adams Street
Dothan, AL 36303

Warren Butler, Esq.
LYONS, PIPES & COOK, P.C.
P. O. Box 2727
Mobile, AL  36652-2727



EXHIBIT
A

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KIMBERLY and LUTHER THURMAN, )
                                                                    )
       Plaintiffs,                       )
                                                                    )
vs.                                                        )     CV-2006-404-J
                                                                    )
TIMBERLINE HOMES, INC., and      )
FLEETWOOD SPRINGHILL HOMES   )
OF GEORGIA,                            )
                                                                    )
      Defendants.                  )

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff, pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

                NOTICE TO:    Fleetwood Homes of Georgia, Inc.
                                    c/o CT Corporation System
                                    1201 Peachtree Street, NE
                                    Atlanta, GA 30361

      The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint, to:

                                    David W. Rousseau
                                    **Attorney for Plaintiff**
                                    211 W. Adams Street
                                    Dothan, AL 36303

      THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30) DAYS** FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the **original** of your answer with the **Clerk of this Court** within a reasonable time afterward.

                                                                         Judy Byrd
                                                                      CLERK OF CIRCUIT COURT

DATED: July 7, 2006.

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUL 05 2006

KIMBERLY and LUTHER THURMAN, )
)
    Plaintiffs, )
)
vs. ) CV-2006-404 J
)
TIMBERLINE HOMES, INC., and )
FLEETWOOD SPRINGHILL HOMES )
OF GEORGIA, )
)
    Defendants. )

JUDY BYRD, CLERK
HOUSTON CO., AL

## COMPLAINT

1. The Plaintiffs are resident citizens of Houston County, Alabama.

2. The Defendant Timberline Homes, Inc., [hereinafter "Timberline"] is an Alabama Corporation which at that time was selling mobile homes in Houston County, Alabama.

3. The Defendant, Fleetwood Springhill Homes of Georgia, by information and belief, is a Georgia Corporation which manufactured mobile homes which were placed in Houston County, Alabama.

## COUNT ONE

5. Plaintiffs incorporate by reference all of the preceding paragraphs into this count as if they were set out herein in their entirety.

6. On or about July 7, 2004, Timberline, acting as agent for Fleetwood Springhill Homes of Georgia, sold Plaintiffs a new 2002 mobile home manufactured by Fleetwood Springhill Homes and identifiable by serial number GA FL 234 A 75320-AV11 and GA FL 234 B 75320-AV11.

7. Defendants Timberline and Fleetwood Springhill Homes of Georgia made written and oral express warranties to the Plaintiffs and represented that the mobile home would be free from all defects in materials and workmanship and that it would be set up in a good, workmanlike manner and in accordance with standards imposed by the manufacturer and applicable state and federal law. Defendants further warranted that any defects in materials or workmanship in the home of which they were given

notice within the warranty period would be repaired or remedied at no cost to Plaintiffs.

8. Immediately after delivery of the mobile home the Plaintiffs discovered numerous defects which were not reasonably capable of discovery prior to the delivery and set up of the said home on the mobile home's exterior, including:

The sliding glass door leaks underneath the doorframe which has caused damage to the doorframe and the molding to warp; the water pipes rattle and hammer when water is running; there are wall sockets with bare wires showing; the Defendants fixed nails coming out of flooring by cutting a hole in the flooring and covering it with colored putty; soft spots in the flooring were fixed by the Defendant by driving wedges up underneath the flooring; the flooring squeaks with movement; the drain pipe vents have been fixed numerous times by the Defendants; the drawer brackets were broken and Defendant sent the brackets in the mail for Plaintiffs to fix; two windows have been replaced and other windows were adjusted but some windows are still hard to open; Plaintiffs do not know the extent of the damage underneath the doorframe and flooring but Plaintiffs can smell mildew from the moisture leaking through the doorway; Defendants have replaced auto vent on the sewer drain line four or five times; Defendants also put the washing machine on the main sewer line

9. Plaintiffs notified the manufacturer in a timely fashion through the dealer as required by the express warranty in pursuant to Alabama Code § 7-2-306(3)(1975), of the breach of the warranty claim prior to bringing this suit.

10. Plaintiffs have made the mobile home available to the manufacturer and the dealers' representatives for repair or replacement.

11. The manufacture and the dealer were obligated to provide service under the warranty issue, yet they refused or failed to do so, and the mobile home is still in the defective condition.

12. The mobile home continues to contain defects which substantially impaired the value of the mobile home to the Plaintiffs and these defects could not reasonably be discovered by the Plaintiffs prior to the Plaintiffs acceptance of the mobile home.

13. The Plaintiffs have suffered mental anguish because the mobile home is their primary residence and they do not have the peaceful enjoyment of their home.

14. The Plaintiffs claim compensatory damages for breach of warranty and the intended decrease in the value of their home due to the failure to make repairs called for under their warranty. In addition, the Plaintiffs claim consequential damages for their emotional distress and other incidental damages.

Wherefore, Plaintiffs demand judgment against the defendants in the sum of $50,000.00 plus interest and costs.

## COUNT TWO

15. Plaintiffs re-allege paragraphs 1-14 of the complaint as if set out here in full.

16. This count is brought pursuant to the Magnuson Moss Warranty Federal Trade Commission Improvement Act 15 U.S.C. § 2301-2312.

17. Defendant Fleetwood Springhill Homes of Georgia warranted to repair defects and implied that said mobile home was free from certain defects and was fit for its ordinary and particular uses and that it would repair said defects in a certain time frame should they arise.

18. That said mobile home was not free from defects covered by the warranty.

19. The Defendant was notified of the defects and were given numerous opportunities to cure the defects.

20. The Defendant has failed, refused or otherwise been unable to cure the defects.

21. As a proximate result of failure to cure such defects, Plaintiffs were injured and damaged.

Wherefore, Plaintiffs demand judgment against the Defendant Fleetwood Springhill Homes of Georgia and requests that a jury award Plaintiffs a reasonable amount to compensate Plaintiffs for their damages, costs, interest and an attorney's fee in accord with the statute.

## COUNT THREE

22. Plaintiffs re-allege paragraphs 1-21 of the complaint as if they were set out in full herein.

23. The Defendant Timberline Homes, Inc. or Defendant Fleetwood Springhill Homes of Georgia were obligated to deliver and properly set up the mobile so that the mobile home was not damaged.

24. The Defendants, Timberline and Fleetwood Springhill Homes of Georgia, were negligent in transporting and/or setting up the mobile home which proximately resulted in damage to the mobile home.

Wherefore, the Plaintiffs demand compensatory damages against the Defendant Timberline and Fleetwood Springhill Homes of Georgia for whatever damages a jury might award.

## COUNT FOUR

25. Plaintiffs re-allege paragraphs 1-24 of the complaint as if they were set out

in full herein.

26. Defendants expressly and impliedly warranted the mobile home and agreed to repair defects in the mobile home during a stated period of time.

27. Plaintiffs informed the Defendants of the defects in the mobile home.

28. Defendants breached the warranty by failing to repair or cure the mobile homes defects.

29. As a proximate result of the failure to cure defects, Plaintiffs were injured and damaged.

WHEREFORE, Plaintiffs demand judgment against the defendants in the sum of $50,000.00 plus interest and court costs.

_____
David W. Rousseau (ROU007)
Attorney for Plaintiffs
211 W. Adams Street
Dothan, AL 36303
(334) 699-9000


Jury Demand

Plaintiffs demand trial by a struck jury.

_____
David W. Rousseau

**Address for service:**

**Fleetwood Homes of Georgia, Inc.**
**c/o CT Corporation System**
**1201 Peachtree Street NE**
**Atlanta, GA 30361**

**Timberline Homes, Inc.**
**c/o Michael K. Morris**
**1251 South Blvd.**
**Brewton, AL 36426**



EXHIBIT
B

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| KIMBERLY and LUTHER THURMAN, | * |
| Plaintiffs, | * |
| v. | * CASE NO.:CV-06-404-J |
| TIMBERLINE HOMES, INC., and FLEETWOOD SPRINGHILL HOMES OF GEORGIA, et al. | * |
| Defendants. | * |

## NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

To: Ms. Judy Byrd
Circuit Clerk, Houston Co. Circuit Court
P.O. Drawer 6406
Dothan, AL 36302-6406

Please take notice that the defendant, Fleetwood Homes of Georgia, Inc., has this date filed a Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the Middle District of Alabama, Southern Division.

DATED this the 7 day of Aug, 2006

_____
WINSTON W. EDWARDS (137576)
DAVID C. HILYER (293828)
Attorneys for Defendant
Fleetwood Homes of Georgia, Inc.

OF COUNSEL:

CRADDOCK RENEKER & DAVIS, LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064          Telephone
(334) 215-7843          Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid on this the ___9___ day of ___Aug_____, 2006.

_____
OF COUNSEL

David W. Rousseau, Esq.
211 W. Adams Street
Dothan, AL 36303

Warren Butler, Esq.
LYONS, PIPES & COOK, P.C.
P. O. Box 2727
Mobile, AL  36652-2727



EXHIBIT
C

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY and LUTHER THURMAN, | * |
| Plaintiffs, | * |
| v. | *   CASE NO.:CV_____ |
| TIMBERLINE HOMES, INC., and FLEETWOOD SPRINGHILL HOMES OF GEORGIA, et al. | * |
| Defendants. | * |

## CONSENT TO REMOVAL

COMES NOW the defendant, Timberline Homes, Inc., by and through its undersigned counsel, and without waiving its right or intent to compel binding arbitration, hereby consents to the removal of this action from the Circuit Court of Houston County, Alabama which said removal was effected by defendant Fleetwood Homes of Georgia, Inc. A copy of the Complaint and Summons is attached to Fleetwood Homes of Georgia, Inc.'s Notice of Removal and consists of all pleadings received to date by Timberline Homes, Inc.

_____
M. Warren Butler (DON024)
Attorney for Defendant
Timberline Homes, Inc.

OF COUNSEL:

LYONS, PIPES & COOK
P. O. Box 2727
Mobile, AL   36652-2727
251-432-4481 Telephone
251-4331820  Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by placing same in the United States Mail, properly addressed and first class postage prepaid on this the 7TH day of _____August_____, 2006.

                                                   OF COUNSEL

David W. Rousseau, Esq.
211 W. Adams Street
Dothan, AL 36303

Winston W. Edwards, Esq.
David C. Hilyer , Esq.
Craddock, Reneker & Davis, LLP
4142-C Carmichael Road
Montgomery, AL 36106